HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA D SELIVANOW, and LARRY SELIVANOW,<br><br>    Plaintiffs,<br><br>v.<br><br>BANK OF NEW YORK MELLON, et al.,<br><br>    Defendants. | CASE NO. C15-5412 RBL<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR A TRO<br><br>[DKT. #4] |

    THIS MATTER is before the Court on Plaintiffs' Motion for an Emergency Stay of a non-judicial Foreclosure apparently scheduled for July 17. The Plaintiffs have appeared *pro se*. They assert two bases for the motion: (1) the foreclosure is fast approaching and (2) one of the Plaintiffs has a brain tumor and cannot work. They have also filed a hand-written complaint alleging primarily that the Deed of Trust cannot be enforced because it and the Note evidencing the Plaintiffs' debt have been "bifurcated," leaving the mortgage a "nullity." [Dkt. #1 at 3].

    The Court will treat the Motion as one for a Temporary Restraining Order. The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see*

1  *also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain a
2  TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the
3  merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary
4  relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an
5  injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008).
6       Traditionally, injunctive relief was also appropriate under an alternative "sliding scale"
7  test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). However, the Ninth
8  Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*.
9  *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009)
10 (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer
11 controlling, or even viable").
12      The Plaintiffs have not and cannot meet this standard. Even if the Court assumes,
13 without deciding, that they could establish that the elements of irreparable harm and public
14 interest weigh in their favor, the Court must still be satisfied that they have established that the
15 balance of equities tips in their favor and that they are likely to succeed on the merits of their
16 claims.
17      The complaint itself [Dkt. #1] is difficult to follow. It includes variations on familiar
18 (and uniformly rejected) accusations about the mortgage industry generally, suggests a "show me
19 the note" defense, and claims that the sale of their debt is effectively a waiver of the right to
20 enforce it. It does not include any facts related to their actual loan, re-payment history, notices
21 of default, or the like. The Plaintiffs' Motion contains no persuasive argument or authority
22 supporting a Stay, and they have not addressed the requirement that they show a likelihood of
23
24

1 success on the merits of their complaint. They have not shown that the balance of equities tips in
2 their favor.

3       The Plaintiffs' Motion for an Emergency Stay of Foreclosure [Dkt. #4] is DENIED.

4       IT IS SO ORDERED.

5       Dated this 9th day of July, 2015.

                                                                                            _____
                                                                                           Ronald B. Leighton
                                                                                           United States District Judge