HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA D SELIVANOW, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> BANK OF NEW YORK MELLON, et al., <br><br>  Defendants. | CASE NO. C15-5412 RBL <br><br> ORDER GRANTING MOTION TO AMEND AND DENYING MOTION FOR TRO |

THIS MATTER is before the Court on Plaintiff Selivanow's Motion for an Ex Parte Emergency Temporary Restraining Order [Dkt. #15]. Selivanow's first motion for a TRO was denied [Dkt. #s 4 & 12]. Selivanow has since moved to amend[1] her complaint and, on the revised claims, again seeks a TRO to "preserve the status quo." Defendants argue that Selivanow recently filed for protection under the bankruptcy code, and there is no pending foreclosure. *See* Defendants' Response to TRO, [Dkt. #18]; Defendant Quality Loan Service's Motion for Summary Judgment, [Dkt. #16]. Selivanow apparently seeks to restrain the Defendants from "claiming that MERS is the lawful beneficiary on the Note" and from

---

[1] The Motion to Amend [Dkt. #13] is unopposed and is GRANTED. The Plaintiffs' Proposed Amended Complaint [Dtk. #14] is DEEMED FILED.

1  "fraudulently manufacturing documents for the purpose of foreclosure." [Dkt. #15 at 2]  She
2  claims that the court "need not determine the merits;" only that she "has a valid case pending and
3  will suffer irreparable harm if immediate action is not taken." *Id*.

4       The purpose of a TRO is "preserving the status quo and preventing irreparable harm just
5  so long as is necessary to hold a hearing [on the preliminary injunction application], and no
6  longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415
7  U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir.
8  2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a
9  likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in
10  the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving
11  party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council,*
12  *Inc.*, 555 U.S. 7, 20 (2008).

13       Traditionally, injunctive relief was also appropriate under an alternative "sliding scale"
14  test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008).  However, the Ninth
15  Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*.
16  *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009)
17  (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer
18  controlling, or even viable").

19       Thus, Selivanow misstates the standard against which her Motion must be measured; the
20  merits of the case *are* at issue. Selivanow must establish that she is likely to succeed on the
21  merits, that the balance of equities tips in her favor, and that injunctive relief is in the public
22  interest.  This is a burden she cannot meet.  Selivanow has not demonstrated any success on the
23  merits of her amended complaint.  She has provided no evidence in support of her claim that the
24

lenders and loan servicers defrauded her; her civil claims under the criminal code are not viable as a matter of law. Furthermore, and in any event, there is no pending foreclosure due to the bankruptcy stay. There is no risk of immediate or irreparable harm; there is in fact nothing to enjoin.

Selivanow's Motion to Amend is GRANTED and her Motion for a TRO is DENIED.

IT IS SO ORDERED.

Dated this 21st day of October, 2015.

*/s/ Ronald B. Leighton*
Ronald B. Leighton
United States District Judge